# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ANIMAL LEGAL DEFENSE FUND**<br><br>Plaintiff,<br><br>v.<br><br>**SPECIAL MEMORIES ZOO, LLC**<br>**GENE WHEELER**<br>**DONA WHEELER**<br>**GRETCHEN CROWE**<br><br>Defendants. | Case No.:   20-CV-216 |

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** the defendants, Special Memories Zoo, LLC, Gene Wheeler, Dona Wheeler and Gretchen Crowe (collectively hereinafter "Answering Defendants"), by their attorneys, Christopher G. Sitzmann and Andrew C. Micheletti of Sitzmann Law Firm Ltd.., and as for an answer and affirmative defenses, admits, denies and alleges as follows:

1. As to Paragraph 1 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations set forth therein.  This case is the culmination of roughly a year of harassment by the ALDF and its members against the Answering Defendants whereby the ALDF publicized via multiple media platforms false allegations against Answering Defendants in order to enforce the ALDF's agenda which is the elimination of any and all small zoos.  The lies publicized by the ALDF and its members have resulted in a reduction of business at the Special Memories Zoo

and death threats being levied against its owners both via phone messages and in letters from ALDF members.

2. As to Paragraph 2 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations and allege that Special Memories Zoo is owned and operated by Special Memories Zoo, LLC whose sole members are Gene Wheeler and Dona Wheeler.

3. As to Paragraph 3 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations therein.

4. As to Paragraph 4 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations therein.

5. As to Paragraph 5 of Plaintiff's Complaint, Answering Defendants are without sufficient information to admit or deny Plaintiff's allegations that it is "a national non-profit organization headquartered in Cotati, California with over 200,000 members and supporters nationwide", therefore, Answering Defendants DENY. Answering Defendants disagree with ALDF's characterization of itself and therefore DENY the remaining allegations of Paragraph 5 of Plaintiff's Complaint. For instance, the ALDF brought a lawsuit in Oregon on behalf of a horse against its former owner who had already surrendered the horse and paid for its care seeking, among other thing, punitive damages for the horse's pain and suffering. As the horse had already been surrendered and the former owner paid for its care, the ALDF's actions were not in the horse's interest but punitive in nature against the former owner.

2

6. As to Paragraph 6 of Plaintiff's Complaint, Answering Defendants believe the ALDF member referenced in Paragraph 6 is country music singer Tanya Tucker and, to the extend the member referenced in Paragraph 6 is country music singer Tanya Tucker, Answering Defendants DENY. Answering Defendants allege that Ms. Tucker posed for photos with the giraffe, in which she's smiling, and posed for photos with Mr. Wheeler and Ms. Wheeler, again smiling. Only after leaving Special Memories Zoo did Ms. Tucker join the ALDF in a smear campaign against Answering Defendants lodging false allegations about the condition of the animals. If Paragraph 6 refers to a member of the ALDF other than Ms. Tucker, Answering Defendants are without sufficient knowledge to admit or deny said allegations and therefore DENY. As to the allegation that "Members of the public expressed similar concerns about the poor conditions at Special Memories Zoo" Answering Defendants ADMIT to receiving complaints about the conditions at Special Memories Zoo from ALDF members who reviewed an article drafted by Ms. Tucker and published by ALDF on its website which makes numerous false allegations about animals at Special Memories Zoo and after the ALDF sent out a flier to its members again containing false allegations regarding the condition of the animals at Special Memories Zoo.

7. As to Paragraph 7 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations set forth therein.

8. As to Paragraph 8 of Plaintiff's Complaint, Answering Defendants ADMIT that it is a Wisconsin limited liability company whose registered agent is Dona Wheeler and its registered office is W7013 Spring Road Greenville, Wisconsin 54942-9704.

3

Answering Defendants DENY any and all remaining allegation of Paragraph 8 and allege that all operations of Special Memories Zoo are conducted via Special Memories Zoo, LLC.

9. As to Paragraph 9 of Plaintiff's Complaint, Answering Defendants ADMIT and allege that, though their home address states Greenville, Wisconsin their home is located within the Town of Dale.

10. As to Paragraph 10 of Plaintiff's Complaint, Answering Defendants ADMIT.

11. Paragraph 11 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 11 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

12. Paragraph 12 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 12 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

13. As to Paragraph 13 of Plaintiff's Complaint, Answering Defendants ADMIT receiving Exhibit A and Exhibit B.  Answering Defendants DENY any and all further allegations contained in Paragraph 13 of Plaintiff's Complaint and in Exhibits A and B to the Complaint.

14. As to Paragraph 14 of Plaintiff's Complaint, Answering Defendants allege that they have, and at all times relevant have had, all the proper permits necessary to conduct its activities and DENY any and all further allegations set forth in Paragraph 14.

4

15. Paragraph 15 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 15 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

16. Paragraph 16 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 16 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

17. As to Paragraph 17 of Plaintiff's Complaint, Answering Defendants ADMIT that it exhibits animals for a fee at its facility in Greenville, WI and that at times animals are kept at a farm in Hortonville, WI. Any and all further allegations contained in Paragraph 17 of Plaintiff's Complaint are DENIED by Answering Defendants.

18. As to Paragraph 18 of Plaintiff's Complaint, Answering Defendants DENY.

19. Paragraph 19 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 19 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

20. As to Paragraph 20 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

21. Paragraph 21 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants

5

allege on information and belief that the facts set forth in Paragraph 21 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

22. As to Paragraph 22 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations therein.

23. Paragraph 23 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 23 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

24. As to Paragraph 24 of Plaintiff's Complaint, Answering Defendants allege that they have, and at all times relevant have had, all the proper permits necessary to conduct its activities and DENY any and all further allegations set forth in Paragraph 24.

25. As to Paragraph 25 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations therein.

26. As to Paragraph 26 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

27. Paragraph 27 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 27 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

6

28. Paragraph 28 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 28 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

29. Paragraph 29 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 29 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

30. Paragraph 30 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 30 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA

7

oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

31. As to Paragraph 31 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

32. Paragraph 32 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

33. As to Paragraph 33 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

34. Paragraph 34 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

35. As to Paragraph 35 of Plaintiff's Complaint, Answering Defendants allege that they have, and at all times relevant have had, all the proper permits necessary to conduct its activities and DENY any and all further allegations set forth in Paragraph 35.

36. As to Paragraph 36 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

37. As to Paragraph 37 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

38. Paragraph 38 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the

8

extent Paragraph 38 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

39. Paragraph 39 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 39 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

40. Paragraph 40 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege that the USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

41. As to Paragraph 41 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

42. Paragraph 42 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 42 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

43. As to Paragraph 43 of Plaintiff's Complaint, Answering Defendants allege that they have, and at all times relevant have had, all the proper permits necessary to

9

conduct its activities and DENY any and all further allegations set forth in Paragraph 43.

44. As to Paragraph 44 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

45. As to Paragraph 45 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

46. Paragraph 46 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 46 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

47. Paragraph 47 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 47 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

48. Paragraph 48 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 48 are based on the animals habitats and patterns in the wild and are not applicable to animals

10

born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

49. Paragraph 49 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 49 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

50. Paragraph 50 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 50 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

51. As to Paragraph 51 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

52. Paragraph 52 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the

extent Paragraph 52 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

53. As to Paragraph 53 of Plaintiff's Complaint, Answering Defendants allege that they have, and at all times relevant have had, all the proper permits necessary to conduct its activities and DENY any and all further allegations set forth in Paragraph 53.

54. As to Paragraph 54 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

55. As to Paragraph 55 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

56. Paragraph 56 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 56 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

57. As to Paragraph 57 of Plaintiff's Complaint, Answering Defendants are without sufficient knowledge to admit or deny the allegations, therefore, Answering Defendants DENY.

58. As to Paragraph 58 of Plaintiff's Complaint, Answering Defendants DENY the allegations set forth against them. Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 58 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo. The USDA oversees the activities and facilities at Special Memories Zoo and Answering

12

Defendants are in full compliance. Special Memories Zoo is not a member of the AZA, therefore, it must only comply with the standards set forth by the USDA. Further, the lions at Special Memories Zoo have two indoor enclosures.

59. Paragraph 59 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

60. As to Paragraph 60 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

61. Paragraph 61 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 61 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

62. As to Paragraph 62 of Plaintiff's Complaint, Answering Defendants allege that they have, and at all times relevant have had, all the proper permits necessary to conduct its activities and DENY any and all further allegations set forth in Paragraph 62.

63. As to Paragraph 63 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

64. As to Paragraph 64 of Plaintiff's Complaint, Answering Defendants ADMIT that Special Memories Zoo, LLC possesses a Canada Lynx and DENY and any all further allegations set forth therein.

65. Paragraph 65 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the

13

extent Paragraph 65 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

66. Paragraph 66 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 66 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

67. Paragraph 67 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.  Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 67 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo.  The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

68. Paragraph 68 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

69. Paragraph 69 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 69 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY and specifically deny that the Canada lynx enclosures are "tiny, barren, unclean and foul-smelling…with minimal to no snow cover".

70. As to Paragraph 70 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

71. As to Paragraph 71 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

72. Paragraph 72 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.  Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 72 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo.  The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

73. Paragraph 73 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

74. Paragraph 74 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.  Further, Answering Defendants allege on information and belief that the facts set forth in Paragraph 72 are based on the animals habitats and patterns in the wild and are not applicable to animals born and raised in captivity such as those at Special Memories Zoo.  The USDA oversees the activities and facilities at Special Memories Zoo and Answering Defendants are in full compliance.

15

75. As to Paragraph 75 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein. Further, Answering Defendants allege that Bill was euthanized by and pursuant to the recommendation of the veterinarian who services the animals at Special Memories Zoo.

76. Paragraph 76 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 76 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

77. As to Paragraph 77 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

78. As to Paragraph 78 of Plaintiff's Complaint, Answering Defendants ADMIT that Special Memories Zoo, LLC possesses other animals, however, of the list of animals set forth in Paragraph 78 Special Memories Zoo, LLC DENIES possessing Domestic Guinea Pigs, Domesticated Chinchilla, North American River Otter, Striped Skunk, Domestic Rabbit/European Rabbit, Sugar Glider, and Red Fox including Silver Fox and Cross Fox Answering Defendants DENY any and all further allegations of Paragraph 78 including the allegation that they confine any animals in "inhumane and unsanitary conditions that results in mistreatment."

79. As to Paragraph 79 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

80. Paragraph 80 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the

16

extent Paragraph 80 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

81. Paragraph 81 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 81 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

82. Paragraph 82 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 82 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

83. Paragraph 83 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 83 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

84. Paragraph 84 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 84 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

85. Paragraph 85 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.  To the extent Paragraph 85 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

86. Paragraph 86 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 86 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

87. Paragraph 87 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 87 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

88. As to Paragraph 88 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

89. As to Paragraph 89 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

90. As to Paragraph 90 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

91. As to Paragraph 91 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

92. As to Paragraph 92 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

93. As to Paragraph 93 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

94. As to Paragraph 94 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

95. As to Paragraph 95 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

96. As to Paragraph 96 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

97. As to Paragraph 97 of Plaintiff's Complaint, Answering Defendants ADMIT that at times certain species have been fed dog food as it is often donated to Special Memories Zoo and it is nutritionally complete for several species of animals at Special Memories Zoo. Answering Defendants DENY any and all further allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. As to Paragraph 98 of Plaintiff's Complaint, Answering Defendants ADMIT that on one occasion a chinchilla escaped its enclosure when the former employee referenced previously in Plaintiff's Complaint left the door to the enclosure open. Answering Defendants DENY any and all further allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. As to Paragraph 99 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

100. As to Paragraph 100 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

101. As to Paragraph 101 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

102. As to Paragraph 102 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

103. As to Paragraph 103 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein. Further, Answering Defendants allege that neither the Town of Greenville nor the Town of Dale have ever had any nuisance complaints lodged against the Answering Defendants.

104. Paragraph 104 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 104 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

105. As to Paragraph 105 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

106. Paragraph 106 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

107. Paragraph 107 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

108. As to Paragraph 108 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

109. As to Paragraph 109 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

110. As to Paragraph 110 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

111. Paragraph 111 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

112. As to Paragraph 112 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

113. Paragraph 113 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 113 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

114. Paragraph 114 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 114 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

115. Paragraph 115 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 115 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

116. Paragraph 116 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 116 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

117. Paragraph 117 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants.

To the extent Paragraph 117 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

118. Paragraph 118 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 118 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

119. Paragraph 119 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 119 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

120. Paragraph 120 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 120 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

121. As to Paragraph 121 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

122. Paragraph 122 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 122 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

123. Paragraph 123 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

22

124. Paragraph 124 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 124 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

125. As to Paragraph 125 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

126. Paragraph 126 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 126 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

127. Paragraph 127 of Plaintiff's Complaint does not make any allegations against Answering Defendants, however, to the extent there are allegations which require a response, Answering Defendants DENY.

128. Paragraph 128 of Plaintiff's Complaint contains legal conclusions not requiring a response rather than factual allegations against Answering Defendants. To the extent Paragraph 128 of Plaintiff's Complaint contains factual allegations against Answering Defendants, Answering Defendants DENY.

129. As to Paragraph 129 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

130. As to Paragraph 130 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

131. As to Paragraph 131 of Plaintiff's Complaint, Answering Defendants DENY any and all allegations contained therein.

Case 1:20-cv-00216-WCG    Filed 03/18/20    Page 23 of 25    Document 8

132.    As to Paragraph 132 of Plaintiff's Complaint, Answering Defendants DENY

any and all allegations contained therein.

## AFFIRMATIVE DEFENSES

1.  Plaintiff lacks standing to bring nuisance claims against Answering Defendants.

2.  The Court lacks subject matter jurisdiction.

3.  The Court lacks personal jurisdiction over the Defendants.

4.  Plaintiffs have failed to state a claim upon which relief can be granted.

5.  Plaintiffs claims are moot as Special Memories Zoo, LLC no longer has threatened or endangered animals, except for macaques which it also intends to transfer to a third-party.  Gene and Dona Wheeler intend to only maintain a few traditional farm animals and one dromedary camel.

6.  Defendants reserve the right to assert any further affirmative defenses that may become available upon further discovery in this lawsuit.

**WHEREFORE**, the Answering Defendants respectfully request:

A.  For dismissal of Plaintiff's complaint with prejudice.

B.  For recovery of all costs, disbursements and attorneys' fees incurred in defending Plaintiff's claims; and

C.  For such other and further relief the Court deems just and equitable.


Dated this 18th day of March, 2020          Respectfully submitted,

*s/ Andrew C. Micheletti*

Andrew C. Micheletti, SBN 1075923
Attorney for Defendants
**Sitzmann Law Firm Ltd.**
231 W. Franklin Street
Appleton, WI  54911
Telephone:  (920) 733-3963
Fax:  (920) 733-8873
E-mail:  andrew@sitzmannlaw.com


Christopher G. Sitzmann, SBN 1011491
Attorney for Defendants
**Sitzmann Law Firm Ltd.**
231 W. Franklin Street
Appleton, WI  54911
Telephone:  (920) 733-3963
Fax:  (920) 733-8873
E-mail:  csitzmann@sitzmannlaw.com