**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **ANIMAL LEGAL DEFENSE FUND**<br><br>          Plaintiff,<br><br>   v.<br><br>**SPECIAL MEMORIES ZOO, LLC**<br>**GENE WHEELER**<br>**DONA WHEELER**<br>**GRETCHEN CROWE**<br><br>        Defendants. | Case No.:   20-CV-216 |

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT AND FOR DISMISSAL FOR FAILURE TO STATE A CLAIM FOR RELIEF**

---

**NOW COMES** the above name Defendants, Special Memories Zoo, LLC, Gene Wheeler, Dona Wheeler and Gretchen Crowe, by and through their attorneys, Sitzmann Law Firm Ltd., and states their Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint as Moot:

**<u>INTRODUCTION</u>**

Plaintiff, Animal Legal Defense Fund ("ALDF") brought this action against the Defendants alleging violations of the Endangered Species Act, 16 U.S.C. §§1531-1544 ("ESA") and that the Defendants have created a public nuisance under "Greenville and Hortonville local ordinances." ECF No. 1. While the Plaintiff brought this action against Special Memories Zoo, LLC, Gene Wheeler, Dona Wheeler and Gretchen Crowe, all eleven of the specific requests for relief only identify Special Memories Zoo, LLC. ECF No. 1, p. 35-37.

Along with their Answers and Affirmative Defenses, the Defendants submitted a letter to the Court informing the Court and the Plaintiff that all the endangered and threatened animals had been re-homed except for the Canadian Lynx.  ECF No. 8-1.  Further, the Court and the Plaintiff were informed that all the endangered and threatened animals had been re-homed and that Special Memories Zoo, LLC was winding down its operations and would cease to function as a zoo.  ECF No. 11, p. 2-3.  The Court and Plaintiffs were later made aware that all Special Memories Zoo, LLC's animals had been re-homed.  ECF No. 19.

There are factors beyond the closing of Special Memories Zoo, LLC which the Court should consider in deciding whether Plaintiff's Complaint is now moot.  First and most importantly is that Mr. Wheeler, who the Court is aware was diagnosed with having leukemia, has been taken off his treatment.  See Declaration of Dona Wheeler in Support of Defendants' Motion to Dismiss Plaintiff's Complaint as Moot and for Failure to State a Claim for Relief at ¶1.  Mr. Wheeler now has weeks if not days to live.  Id.  Mr. Wheeler was the driving force behind opening the Zoo.  Id. at ¶2.  Ms. Wheeler does not want to re-open a zoo without Mr. Wheeler nor does she have the physical ability to re-open a zoo on her own. Id. at ¶3.

The barn at the Wheeler's home which burned down and was integral to Special Memories Zoo's business has been razed and will not be reconstructed.  Id. at ¶4.

Ms. Crowe, who worked for Zoo since August of 1996, resigned her position as the Zoo on or about April 23, 2020.  See Declaration of Gretchen Crowe in Support of Defendants' Motion to Dismiss Plaintiff's Complaint as Moot and for Failure to State a

Claim for Relief at ¶1. Ms. Crowe does not ever intend to work at another zoo. Id. at ¶2. Furthermore, Ms. Crowe would not work for Ms. Wheeler in Mr. Wheeler's absence. Id.

All of the Zoo's animals have been rehomed to locations in which none of the Defendants have an ownership interest and none of the Defendants retained a possessory interest in the animals. See Declaration of Wheeler at ¶5 and Declaration of Crowe at ¶3.

As the Zoo has been permanently closed will not be reopened, the Plaintiff's Complaint should be dismissed as moot. The continued relentless pursuit of this action by the Plaintiff serves no other purpose than to harass a dying man and his family in order to improperly obtain information to attack other zoos.

**<u>LAW</u>**

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." <u>Simon v. Eastern Kentucky Welfare Rights Organization</u>, 426 U.S. 26, 37 (1976)(citation omitted). Article III of the Constitution limits our jurisdiction to "actual, ongoing controversies." <u>Honig v. Doe</u>, 484 U.S. 305, 317 (1988). The power of the courts does not extend to moot cases. <u>People for the Ethical Treat. of Animals v. Gittens</u>, 396 F.3d 416, 422 (D.C. Cir. 2005)(citing <u>Central Soya Company v. Consolidated Rail Corporation</u>, 614 F.2d 684, 689 (7th Cir. 1980). Therefore, a federal court cannot decide a question which will not affect the rights of the litigation and must resolve the mootness issue before assuming jurisdiction over such a case. <u>Pharmachemie B.V. v. Barr Laboratories</u>, 276 F.3d 627, 631 (D.C. Cir. 2002).

"If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." <u>McBryde v. Comm. to Review</u>, 264 F.3d 52, 55 (D.C.

3

Cir. 2001), cert. denied, 537 U.S. 821 (2002).  Thus, there must be a live controversy throughout all stages of the case or the case will be moot.  <u>Chiles v. Thornburgh</u>, 865 F.2d 1197 (11th Cir. 1989).

In <u>Ross v. Reed</u>, 719 F.2d 689, 693-94 (4th Cir. 1983), mootness was discuss as follows:

> To be justiciable under Article III of the Constitution, the conflict between the litigants must present a "case or controversy" both at the time the lawsuit is filed and at the time it is decided.  If intervening factual or legal events effectively dispel the case or controversy during the pendency of the suit, the federal courts are powerless to decide the questions presented.

## ARGUMENTS

### I.  *No Further Relief Can be Sought of the Defendants, Therefore, Plaintiff's Complaint is Moot and Should be Dismissed*

It is instructive to first consider the relief afforded the ALDF under the ESA.  16 U.S.C. §1540(g)(1) states: "…any person may commence a civil suit on his own behalf – (A) ***to enjoin*** any person…who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." (emphasis added).  Enjoin is defined as "To require; command; positively direct.  To require a person, by writ of injunction from a court of equity, to perform, or to abstain or desist from, some act."  Black's Law Dictionary 623 (4th Ed. Rev. 1968).  Simply put, if the Court were to determine that Special Memories Zoo, LLC violated the ESA by some act, the Court's authority is to issue an injunction directing Special Memories Zoo, LLC to abstain or desist from performing that act.

The Court must also consider the relief requested by the Plaintiff in its Complaint. The ALDF prays for the following relief in the Complaint:

4

A. Declare that Special Memories Zoo is violating the ESA by illegally taking endangered ring-tailed lemurs, gray wolves, tigers, lions, and a black leopard without a permit;

B. Declare that Special Memories Zoo is violating the ESA by illegally taking threatened Canada lynx and Japanese or snow macaques without a permit;

C. Declare that Special Memories Zoo is violating the ESA by possessing and continuing to possess individuals of endangered and threatened species that were illegally "taken";

D. Enjoin Special Memories Zoo from engaging in operations and activities that cause the "take" of the endangered ring-tailed lemurs, red-ruffed lemurs, gray wolves, tigers, lions, and black leopard, as well as threatened Canada lynx and Japanese or snow macaques;

E. Enjoin Special Memories Zoo from possessing or acquiring endangered and threatened species that were illegally taken;

F. Enjoin Special Memories Zoo from maintaining a public nuisance, namely by confining endangered, threatened, and non-endangered animals in inhumane and unsafe conditions;

G. Enter a permanent injunction against Special Memories Zoo that terminates all Special Memories Zoo ownership and possessory rights in its animals;

H. Appoint a special master or guardian ad litem to identify reputable wildlife sanctuaries and to determine the most appropriate placement for the forfeited animals, consistent with the animals' best interests;

I. Charge the cost of transferring and rehoming the forfeited animals to Special Memories Zoo;

J. Enter a permanent injunction against Special Memories Zoo prohibiting Special Memories Zoo from obtaining other animals;

K. Award ALDF its reasonable attorneys' fees and litigation costs in this action; and

L. Grant ALDF such other relief the court may deem is just and proper.

ECF No. 1, p. 35-37.

As to requests for relief A, B and C in the Complaint, the statute under which the ALDF brought this action, 16 U.S.C. §1540(g)(1)(A) does not establish the Court's ability to make such a "Declaration." Certainly, the Court would be required to make certain finding in order to enjoin Special Memories Zoo from continuing said action, but there is nothing within the ESA giving the Court authority to make a "Declaration." These prayers for relief are moot however as such a declaration or finding would only serve as the grounds for the

5

Court to enjoin Special Memories Zoo from continuing to violate the ESA. As Special Memories Zoo is no longer in possession of any animals, including endangered or threatened animals, and has ceased operations there is no relief the Court could grant the ALDF to further prevent Special Memories Zoo from continuing to violate the ESA.

As to requests for relief D, E, F and G, the rehoming of all animals at Special Memories Zoo and the cessation of Special Memories Zoo's operations, render the relief requested moot. Special Memories Zoo has already ceased all operations an activities, it no longer possesses or intends to acquire endangered or threatened species, it is not engaging in any activity whatsoever and therefore cannot be maintaining a public nuisance, and Special Memories Zoo no longer owns or possesses any animals to which the Court could permanently terminates its rights. This matter has been rendered moot by Special Memories Zoo rehoming the animals it possessed and permanently ceasing its operations.

As to request for relief H and I, there is no need for a special master or guardian ad litem to be appointed as there are no animals to forfeit or be rehomed and to the extent there was a cost associated with the rehoming it has already been borne by Special Memories Zoo.

Special Memories Zoo has ceased operations. Google already shows that Special Memories Zoo is permanently closed. See Declaration of Wheeler at ¶6. Mr. Wheeler is expected to pass away soon and Ms. Wheeler won't open or operate a zoo without him. Ms. Crowe is not there to manage the animals, of which there are none. A permanent injunction is moot as Special Memories Zoo is permanently closed.

The rehoming of all the animals and the permanent closing of Special Memories Zoo, as well as the certainty that Special Memories Zoo would not reopen or obtain more animals,

6

has rendered the ALDF's claims Moot. There is simply nothing more this Court can do to enjoin Special Memories Zoo from allegedly violating the ESA.

### II. ALDF has Failed to State a Claim for Relief Against Gene Wheeler, Dona Wheeler and Gretchen Crowe

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal for failing to state a claim for relief. A Rule 12(b)(6) Motion tests the legal sufficiency of the claim or claims stated in the Complaint. "The focus of any Rule 12(b)(6) dismissal…is the complaint. Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. Whitehead v. Discover Bank, 118 F.Supp.3d 1111, 1117 (E.D. Wis. 2015)(citing Ashcroft v Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The Complaint does not set forth grounds for the personal liability of Gene Wheeler, Dona Wheeler or Gretchen Crowe nor does it make any allegations that Gene Wheeler, Dona Wheeler or Gretchen Crowe personally violated the ESA. Furthermore, none of the relief prayed for by the ALDF is against any of the Defendants personally.

Other than general allegations as to the identity of the Gene Wheeler, Dona Wheeler and Gretchen Crowe, the Complaint doesn't make any allegations that any of them violated the ESA. The Complaint does reference Ms. Crowe on a few occasions, see allegations 89, 92, 96, 97 and 98 of the Complaint (ECF No. 1, p. 24-27), but those allegations allege violations of Wis. Admin. Code Ch. 16 and Wis. Statutes. Ch. 951, not the ESA.

7

Plaintiff's requests for relief are entirely based on the ESA as they specifically reference the threatened and endangered animals.

As the Complaint does not make any allegations that Gene Wheeler, Dona Wheeler or Gretchen Crowe violated the ESA or caused a nuisance, nor are there any requests for relief as to any of them personally, the Complaint fails to state a claim upon which relief can be granted and should be dismissed as to Gene Wheeler, Dona Wheeler and Gretchen Crowe personally.

## **CONCLUSION**

The ALDF's claims are moot. Special Memories Zoo has been permanently closed and the animals rehomed. Mr. Wheeler is likely to pass away very soon and Ms. Wheeler will not own or operate a zoo without him. Ms. Crowe no longer works at a zoo and does not intend to work at a zoo in the future, nor would she work for Ms. Wheeler without Mr. Wheeler.

The ALDF intends to maintain this action for no other purpose than to harass the Defendants until such time as they are to turn over information vital to the ALDF's prosecution of other zoos. This is impermissible. The Defendants request payment of their attorneys' fees and costs pursuant to 16 U.S.C. §1540(g)(4) if the Court determines it is appropriate.

If the Court does not dismiss the ALDF's actions as moot, Gene Wheeler, Dona Wheeler and Gretchen Crowe should be dismissed from the action as the ALDF's Complaint has failed to state a claim against them upon which relief could be granted.

8

Dated this 20th day of May 2020

Respectfully submitted,

*s/ Andrew C. Micheletti*

Andrew C. Micheletti, SBN 1075923
Attorney for Defendants
**Sitzmann Law Firm Ltd.**
231 W. Franklin Street
Appleton, WI  54911
Telephone:  (920) 733-3963
Fax:  (920) 733-8873
E-mail:  andrew@sitzmannlaw.com


Christopher G. Sitzmann, SBN 1011491
Attorney for Defendants
**Sitzmann Law Firm Ltd.**
231 W. Franklin Street
Appleton, WI  54911
Telephone:  (920) 733-3963
Fax:  (920) 733-8873
E-mail:  csitzmann@sitzmannlaw.com