UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANIMAL LEGAL DEFENSE FUND,

      Plaintiff,

      v.                        Case No. 20-C-216

SPECIAL MEMORIES ZOO LLC,
DONA WHEELER, and GRETCHEN CROWE,

      Defendants.

## ORDER GRANTING-IN-PART MOTION FOR DEFAULT JUDGMENT

Plaintiff Animal Legal Defense Fund (ALDF) filed this action against Defendants Special Memories Zoo, LLC, its owners Gene and Dona Wheeler, and its manager Gretchen Crowe. The complaint alleges violations of the Endangered Species Act (ESA), 16 U.S.C. §§ 1531–1534, and various Wisconsin laws. The Complaint further alleges that the zoo constituted a public nuisance. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). The case is currently before the Court on the motion of ALDF for default judgment. Default was previously entered by the Clerk after Defendants advised ALDF that they no longer intended to continue defending the action.

The zoo was owned and operated by Gene Wheeler and Dona Wheeler in Greenville, Wisconsin, with a second location in Hortonville, Wisconsin, and was managed by Gretchen Crowe. Gene Wheeler, who was severely ill when the action commenced, died in June and has since been dismissed. Dona Wheeler, his widow, and Ms. Crowe, have expressed no interest in continuing the zoo and ownership of all of the remaining animals has been transferred to others.

Based upon the remaining defendants' failure to defend, ALDF applied for and was granted entry of default. ALDF then filed a motion for a default judgment in which it seeks declaratory and injunctive relief, and attorneys' fees.

The Court will deny the request for declaratory relief. This is not to say that Defendants did not violate the ESA and that the zoo they operated did not constitute a nuisance. Defendants have defaulted as to those issues, and based on their default, the Court hereby finds that the defendants did violate the ESA and that the operation of the zoo constituted a nuisance. This finding provides the basis for the injunctive relief ALDF has requested. But a finding of fact is not the same as a declaratory judgment. The Court sees no reason to enter a further declaration under the circumstances of this case.

The purpose of declaratory judgments is to provide "a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy [such as a judgment for damages or an injunction] and in cases in which the party who could seek a coercive remedy has not yet done so." 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice and Procedure*, § 2751, 455–56 (3d ed.1998) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 711 (7th Cir. 2002)). This is not such a case. ALDF was entitled to seek a coercive remedy, i.e., injunctive relief, when it commenced this action, and has moved for such relief without opposition from the defendants. Under these circumstances, declaratory relief would serve no purpose.

The injunctive relief ALDF seeks includes an injunction prohibiting Defendants from selling or otherwise transferring for use in the animal exhibition industry the various cages and improvements on the zoo property. This request will be denied. There is no allegation that the cages and improvements to the zoo property are themselves contraband or cannot be used for a

2

lawful purpose. Defendants obviously have no further use of them. If they can be sold or otherwise disposed of, Defendants should be free to do so. Of course, once title is transferred, Defendants will have no control over how the cages or other improvements will be used. If their use constitutes a violation of the law, the appropriate authorities or, if it involves harm to animals, ALDF can seek legal recourse. However, the Court sees no justification for depriving Defendants of whatever ability they have to sell or otherwise lawfully dispose of the cages or unidentified improvements to the zoo property.

The remaining injunctive relief sought by ALDF will be granted. This includes an injunction enjoining Defendants, their officers, agents, servants, and employees from 1) maintaining a public nuisance by confining endangered, threatened, and not ESA-listed animals in inhumane and unsafe conditions; and 2) possessing or exhibiting animals (other than the dogs that are their personal pets) and participating in any business or entity that possesses or exhibits animals.

ALDF has also requested that the judgment include an award of reasonable attorneys' fees and the litigation costs of the action. The question of whether ALDF is entitled to attorneys' fees and costs, and the amount thereof, is reserved for further motion practice following the entry of judgment.

Accordingly, ALDF's Motion for Entry of Default Judgment and Order, Dkt. No. 55, is GRANTED-IN-PART. The Clerk is directed to enter judgment enjoining Defendants, their officers, agents, servants, and employees as follows: Defendants Special Memories Zoo, LLC, Dona Wheeler, and Gretchen Crowe are hereby permanently enjoined from 1) maintaining a public nuisance by confining endangered, threatened, and not ESA-listed animals in inhumane and unsafe conditions; and 2) possessing or exhibiting animals (other than the dogs that are their personal

pets) and participating in any business or entity that possesses or exhibits animals.  Statutory costs and fees are also awarded.  The question of actual attorney's fees and litigation costs will wait for a decision of the Court on motion of the plaintiff.

**SO ORDERED** at Green Bay, Wisconsin this  12th  day of January, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge