UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANIMAL LEGAL DEFENSE FUND,

    Plaintiff,

v.                                                          Case No. 20-C-216

SPECIAL MEMORIES ZOO, LLC,
DONA WHEELER, and
GRETCHEN CROWE,

    Defendants.

## ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Animal Legal Defense Fund (ALDF) has moved for an award of actual attorneys' fees and costs associated with its lawsuit against a private zoo located in Greenville, Wisconsin, and its owners and operators, alleging violations of the Endangered Species Act (ESA), 16 U.S.C. §§ 1531–44, and Wisconsin's public nuisance statute, Wis. Stat. § 823.01. For the reasons that follow, ALDF's motion will be denied.

### BACKGROUND

On February 12, 2020, ALDF filed this lawsuit against Special Memories Zoo, LLC, the Zoo's owners Gene and Donna Wheeler, and its manager Gretchen Crowe, seeking injunctive and declaratory relief. The 37-page complaint alleged that Defendants were keeping members of endangered and threatened species, including lemurs, gray wolves, tigers, lions, a black leopard, Canadian lynx, and Japanese macaques, as well as scores of non-endangered animals, such as bears, baboons, monkeys, a giraffe, and numerous birds, "in squalid conditions that fail to meet each animal's basic, species-specific needs." Compl. ¶¶ 1–3, Dkt. No. 1. The conditions of the endangered and threatened species' confinement, according to the complaint, "injure," "harm,"

and "harass" the animals, as those terms are defined by the ESA, thereby subjecting Defendants to civil and criminal penalties under 16 U.S.C. § 1540(a)–(b). *Id.* ¶ 20. As to animals not covered by the ESA, the complaint alleged that the manner in which they were kept amounted to a public nuisance actionable under Wis. Stat. § 823.01. *Id.* ¶¶ 128–30. Asserting its own Article III associational standing and that of its members, ALDF requested that the Court (1) declare that the Zoo was illegally taking and possessing federally threatened and endangered species in violation of the ESA; (2) enjoin Defendants from engaging in operations that caused the "take" of threatened and endangered species, possessing or acquiring threatened and endangered species, or maintaining a public nuisance; (3) permanently enjoin Defendants from owning or possessing any animals; (4) appoint a special master to rehome the animals at Defendants' expense; and (5) award attorneys' fees to ALDF.

On March 18, 2020, Defendants filed an answer essentially denying ALDF's allegations that they had violated the ESA or created a public nuisance. Defendants asserted that many of the alleged violations in the complaint were based on habitats that animals enjoyed in the wild and were not applicable to animals born and raised in captivity such as those at a private zoo. Defendants alleged that under the Animal Welfare Act (AWA), 7 U.S.C. §§ 2131 *et seq.*, the United States Department of Agriculture "oversees and regulates the activities and facilities at Special Memories Zoo" and that they were in full compliance with USDA's regulations. Answer ¶¶ 28–30, Dkt. No. 8. As affirmative defenses, Defendants asserted that ALDF lacked standing to bring its nuisance claims against them, that the Court lacked subject-matter jurisdiction, and that ALDF's ESA claims were moot, since Defendants already had or were in the process of transferring to a third party the endangered or threatened animals. *Id.* at 24.

Notwithstanding the denials and affirmative defenses set forth in their answer, counsel for Defendants contemporaneously filed a letter explaining that Defendants did not intend to defend

against ALDF's action. Counsel noted that it was well-known within the "small zoo community" that family-owned private zoos could not prevail against ALDF. Even if Defendants were to prevail on some claims, counsel noted, "the ALDF would likely continue to pursue similar claims against my clients until legal expenses became too exorbitant to continue fighting or the ALDF was successful. Public records make it clear that this is how the ALDF operates." Dkt. No. 8-1.

In addition to financial constraints, counsel explained that the Wheelers' age and health condition made a vigorous defense impossible. Counsel explained that the Zoo was owned and operated by Gene Wheeler and his wife Donna. Gretchen Crowe, who was also named as a defendant, was the manager. Gene Wheeler, who was 81 years old and had been experiencing health complications for some time, had been diagnosed with leukemia on March 12, 2020, and was undergoing chemotherapy. For these reasons, counsel explained that his clients had made the difficult decision to "rehome" the Zoo's animals, in particular, the endangered and threatened animals upon which this Court's jurisdiction was based. As of that time, counsel claimed that they had transferred or were in the process of transferring to a third party all of the endangered or threatened animals. Although he acknowledged that ALDF might see Defendants' removal of the animals as "some sort of strategy," counsel assured ALDF and the Court that "the decision to cease possession of endangered and protected animals is a permanent one." By providing the Court with this information, counsel stated it was his hope that "the ALDF and the defendants can come to a rapid resolution so Mr. Wheeler can focus on his health." *Id.*

Defendants began rehoming the animals over ALDF's protests and requested a protective order against ALDF's requests for information about the origin of and rehoming locations of the animals. Dkt. No. 14. On ALDF's motion, the Court entered an order preventing spoilation of evidence and ordering Defendants to notify ALDF prior to relocating any animals and to obtain permission from the Court for any transfers not agreed to by ALDF. Dkt. No. 23. Defendants

then moved to dismiss the complaint as moot because all of the animals had allegedly already been rehomed and the relief sought was no longer available, Dkt. No. 24, which the Court denied, along with their protective order request, Dkt. No. 41.

After this setback, Defendants filed a letter that the Court construed as an offer of settlement, asking that the Court enter judgment against them under certain conditions. Dkt. No. 44. ALDF would not agree to Defendants' offer, and instead filed a motion for entry of default judgment, Dkt. No. 55, which was partially granted. The Court's order denied ALDF's requests for declaratory judgment and an injunction against Defendants' selling or transferring animal exhibition equipment but granted ALDF's request to enjoin Defendants from maintaining a public nuisance, possessing or exhibiting animals other than pet dogs, and participating in the possession and exhibition of animals. Dkt. No. 59. ALDF then filed a bill of costs, along with this motion for attorneys' fees and costs totaling $72,172.56. Dkt. No. 61.

## ANALYSIS

Under the ESA, 16 U.S.C. § 1540(g)(4), the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." An award is appropriate when a plaintiff has (1) prevailed on the merits and (2) contributed substantially to the goals of the Act in doing so. *Abramowitz v. U.S. E.P.A.*, 832 F.2d 1071, 1079 (9th Cir. 1987) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682–84, (1983)). The Supreme Court has explained that when individual citizens act as "private attorneys general" to enforce important Congressional objectives, successful plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986).

This is not an appropriate case for an award of attorneys' fees. Although the Court granted some of the relief ALDF requested, it did so despite serious questions that remained concerning ALDF's Article III standing and whether the case had become moot. The Court's intent was to dispose of the case without requiring the expenditure of additional time and resources to resolve threshold issues to claims for relief that Defendants ultimately had no interest or desire to contest.

Even assuming ALDF was the prevailing party, it did not contribute substantially to the result. From the outset of the litigation, Defendants had made clear that they were in the process of shutting down the family-owned Zoo and transferring the animals to other zoos capable of caring for them. Gene Wheeler, who held the license from the U.S. Department of Agriculture to conduct activities regulated under the AWA, died on July 29, 2020, and was dismissed from the case. By that time, Defendants had sold their animals and stopped conducting activity regulated by the AWA. Dkt. No. 54-1 at 4. Based on these facts, the Court concludes that ALDF played at most only a small role in causing Special Memories Zoo to cease doing business.

There is also the question of whether closing the Zoo furthered the goals of the ESA. In *Kuehl v. Sellner*, 887 F.3d 845 (8th Cir. 2018), the ALDF and several of its members filed an almost identical lawsuit against a private zoo in Iowa. Following a four-day bench trial, the district court ordered the endangered species be transferred to an appropriate facility licensed by the USDA (ironically, the transferee was Special Memories Zoo), but denied the plaintiffs' motion for attorneys' fees. The Eighth Circuit affirmed the district court's order denying fees, finding that a fee award would be inconsistent with the ESA's purpose. The court noted that Congress had enacted the ESA to protect endangered species, whereas the plaintiffs had used the Act as a vehicle to close a private zoo. *Id.* at 856–57. In affirming the district court's decision, the court of appeals acknowledged the lower court's concern over saddling the private zoo owners, whose good faith

5

failure to properly care for the animals was due to financial hardship, with the $240,000 legal bill the plaintiffs submitted:

> We, too, are concerned with plaintiffs' attempt, assisted as it is by at least five of such organizations, as evidenced by their corporate-level-counsel amici briefs, to fashion the Act into a weapon to close small, privately owned zoos—a circumstance never discussed during the Act's passage. We hold that those circumstances justify the district court's decision to deny the motion for attorney fees.

*Id.* at 856. Here, where Defendants informed ALDF at the very outset that it had no intent to mount a defense and planned to close its facility, there is even less reason to award fees and impose such a heavy financial obligation on Ms. Wheeler and Ms. Crowe.

Finally, it is important to note that ALDF is not dependent upon fee awards in order to bring such lawsuits. It issues press releases about cases like this to generate donations by members of the public who help fund its work. Dkt. No. 73-6. ALDF is a large national organization that boasted revenue of nearly $30,000,000 in 2020 according to its audited financial statements. *See* https://aldf.org/wp-content/uploads/2020/10/ALDF-2020-Finanical-Statement-Final.pdf (last visited October 5, 2021). Only a small part of its income is derived from fee awards.

Taking all these matters into consideration, the Court concludes that an award of attorneys' fees and costs in this case would be inappropriate. ALDF's motion for attorneys' fees and costs (Dkt. No. 61) is therefore **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
